T.C. Summary Opinion 2001-170

UNITED STATES TAX COURT

CELESTE BONNER AND LOUIS BONNER, JR., Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 839-01S.                    Filed October 25, 2001.

Celeste Bonner and Louis Bonner, Jr., pro se.

Linda A. Neal, for respondent.

POWELL, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $7,222 and an accuracy-related penalty under section 6662 of $1,444 in petitioners' 1998 Federal income tax.

_____

[1]    Subsequent section references are to the Internal Revenue Code in effect for the year in issue.

The issues are (1) whether petitioner Louis Bonner, Jr. (petitioner), had unreported income of $25,980, and (2) whether petitioners are liable for the section 6662 penalty.  Petitioners resided in Shreveport, Louisiana, at the time they filed their petition.

The facts may be summarized as follows.  Petitioners filed a joint Federal income tax return for 1998 on which they reported wage income for petitioner Celeste Bonner of $11,986 and interest income of $59.  Petitioner did not report any income from self-employment or wages.

Petitioner is a cabinetmaker.  Jerry Brown is a contractor who does reconstruction of residential properties.  His wife, Linda Brown, operates a "craft business" that sells, inter alia, dowry chests.  Mrs. Brown keeps the records for both endeavors, which are operated as a single business for tax purposes under the Browns' name.  The Browns issued a Form 1099-MISC, Miscellaneous Income, to petitioner in the amount of $25,980 for services as a self-employed individual.  Petitioner contends that he received only $1,200 in income from the Browns in 1998.

The issue is totally factual--viz, did petitioner receive income of $25,980 from the Browns--and turns on whether we believe petitioner or the Browns.  We believe the Browns.

Both Mr. and Mrs. Brown testified that they used the services of petitioner to build cabinets and chests during 1998.

Mrs. Brown testified that petitioner was paid by cash and by check. Mrs. Brown kept a payment ledger that indicates that the Browns paid petitioner routinely during 1998 for his work. The record contains seven checks that are appropriately shown on the ledger and were endorsed by petitioner. The ledger also contains the initials "LB" by most of the entries made. Mrs. Brown testified that they were petitioner's initials. The formation of the letters "LB" on the ledger strongly resembles the formation of those letters on the canceled checks that were endorsed by petitioner. In addition, a written agreement for independent contracting services, dated January 2, 1998, was executed by petitioner.

Petitioner initially denied receiving any money from the Browns. When confronted with the canceled checks, he reluctantly conceded that he had received those checks. Furthermore, when petitioner was asked what he lived on during 1998, he was totally evasive stating that "I'm not just helpless. I do little ordinary things. I've made a dollar bill [sic?]." Those dollars "here and there" were not reported on petitioners' tax return. In short, we accept the Browns' (and respondent's) version of the transactions between petitioner and the Browns.

Next, we turn to the question of the penalty. Section 6662(a) provides that, if the section applies, there is imposed a penalty in an amount equal to 20 percent of the portion of the

underpayment. The penalty applies, inter alia, to "Any substantial understatement of income tax." Sec. 6662(b)(2). Section 6662(d)(1)(A) provides that there is a substantial understatement of income tax if the amount of the understatement exceeds the greater of "(i) 10 percent of the tax required to be shown on the return for the taxable year, or (ii) $5,000." The understatement here is the full amount of the deficiency or $7,222[2] and exceeds $5,000. Accordingly, petitioners are liable for the penalty under section 6662.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>

---

[2]    See sec. 6662(d)(2). Petitioners reported that no tax was due on their return. The amount of tax required to be shown on the return was $7,222, the amount of the deficiency. There were no rebates.